**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

In Re: LEONARD DARNELL COX,
<u>Debtor.</u>

LEONARD DARNELL COX,

No. 96-2695

<u>Plaintiff-Appellant,</u>

v.

MARION ARNELL MITCHELL,
<u>Defendant-Appellee.</u>

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Alexander Williams, Jr., District Judge.
(CA-96-2512-AW, BK-95-17515-PM, AP-96-1095)

Submitted: October 28, 1997

Decided: November 26, 1997

Before NIEMEYER, HAMILTON, and WILLIAMS,
Circuit Judges.

_____

Dismissed by unpublished per curiam opinion.

_____

**COUNSEL**

Beverly A. Moses, Arlington, Virginia, for Appellant. Carl V.
Angelis, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Leonard Cox appeals the district court's order granting his former wife Marian Mitchell's motion to dismiss an appeal from the bankruptcy court as interlocutory. This court may exercise jurisdiction only over final orders,[1] and certain interlocutory and collateral orders,[2] and the order here appealed is neither a final order nor an appealable interlocutory or collateral order. Accordingly, we dismiss Cox's appeal for lack of jurisdiction.

Mitchell filed an action in the Superior Court of the District of Columbia seeking to amend the parties' judgment of divorce to reflect her entitlement to a portion of Cox's military retirement pension. After the motion was denied, Mitchell appealed to the D.C. Court of Appeals. Meanwhile, Cox filed for bankruptcy, thus automatically staying Mitchell's appeal. Mitchell filed a complaint in bankruptcy court seeking to have her interest in Cox's pension declared nondischargeable and to lift the stay in the D.C. Court of Appeals. The bankruptcy court agreed to lift the stay so that the D.C. Court of Appeals could determine whether Mitchell had an interest in the pension. Cox appealed the bankruptcy court's order to the district court which dismissed it as interlocutory. Cox now appeals the district court's dismissal to this Court.

As a general rule, a final judgment under 28 U.S.C.§ 1291 (1994) is "one which ends the litigation . . . and leaves nothing for the court to do but execute the judgment."[3] In contrast, an interlocutory order is one which does not finally determine a cause of action but only

_____

[1] See 28 U.S.C. § 1291 (1994).
[2] See 28 U.S.C. § 1292 (1994); FED. R. CIV. P. 54(b); Cohen v. Beneficial Indus. Loan Corp., 337 U.S. 541 (1949).
[3] Catlin v. United States, 324 U.S. 229, 233 (1945).

2

decides some intervening matter pertaining to the cause, and which requires further steps to be taken to enable the court to adjudicate the cause on the merits.[4] The bankruptcy court's order lifting the automatic stay of Mitchell's legal proceedings in the D.C. Court of Appeals is not a final order because it does not resolve the litigation, decide the merits, settle liability, establish damages, or even determine the rights of any party to Cox's bankruptcy case.[5] Notwithstanding the liberal interpretation of finality often applied to bankruptcy appeals,[6] the order appealed by Cox is clearly interlocutory in nature as the bankruptcy judge made clear in his order that the bankruptcy court retained jurisdiction to determine the issue of dischargability.

Because Cox's appeal to the district court was interlocutory, the district court's decision is not a reviewable final order; therefore, Cox's appeal of the district court's order to this court is dismissed as interlocutory.[7] We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

DISMISSED

_____
[4] **See In re Abingdon Realty Corp.** , 634 F.2d 133 (4th Cir. 1980).
[5] **See Coopers & Lybrand v. Livesay** , 437 U.S. 463 (1978).
[6] **See A.H. Robins Co. v. Piccinin** , 788 F.2d 994, 1009 (4th Cir. 1986).
[7] **See In re Looney**, 823 F.2d 788, 791 n.3 (4th Cir. 1987).

3